TORBERT, administratrix, v. COLLIER et al.

HILL, J. 1. It appeared from the pleadings in the present case that there had been a former suit in which the maker of a deed attacked it and sought to set it aside and recover the land. In that case the jury found the following verdict: "We, the jury, find for the plaintiff the property in dispute, by plaintiff paying the defendant seventy-three dollars ($73.00). This the 6th day of April, 1905." (Signed by the foreman.) On this verdict a decree was entered in the following terms: "Whereupon it is considered, ordered, and decreed by the court that the plaintiff do recover the premises in dispute, and that the deed in question is hereby decreed to be null and void, and the defendant is required to turn over and surrender the same, and that it be cancelled upon the records and marked null and void. It is further ordered and decreed that the plaintiff pay to the defendant the amount named in the verdict of the jury, to wit, seventy-three dollars, and that upon the payment of the same writ of possession shall issue as provided by law. And it is ordered that the plaintiff recover against the defendant all costs of this suit." (Bearing the same date as the verdict.) Upon this decree an execution issued in favor of the defendant against the plaintiff for $73.00 principal, and $19.20 court costs. This bore date July 24, 1907, and under it a sheriff's sale was made. *Held,* that the effect of the verdict was to find that the plaintiff should recover from the defendant the premises in dispute, upon payment of the specified amount. It made the payment of the amount a condition of the recovery by the plaintiff, but did not absolutely find in favor of the plaintiff for the premises and make a counter-finding in favor of the defendant for a sum of money.

(a) While the decree did not strictly follow the verdict, yet it did not purport to authorize the plaintiff to recover possession of the premises and the defendant to recover of the plaintiff a sum of money, but provided for a cancellation of the deed, that the plaintiff pay to the defendant the amount named in the verdict, and that upon the making of such payment the writ of possession should issue in favor of the plaintiff. This was not an absolute money judgment in favor of the defendant against the plaintiff, and did not authorize the clerk to issue an execution in favor of the defendant for the sum mentioned.

(b) The provision in the decree that the plaintiff should recover against the defendant the costs of the suit shows the difference between the provision for recovery of possession upon making a payment and an absolute decree for the recovery of money. Moreover, a decree in favor of the plaintiff against the defendant for the costs of the suit did not authorize the clerk to issue an execution in favor of the defendant for the amount of money named in the verdict and a specified amount of court costs.

(c) In the auditor's report in the present case reference is made to the pleadings in the former litigation, in connection with construing the verdict and decree above mentioned. In the exceptions to his report it is recited that the pleadings in the former case were not introduced before him, but only the verdict and decree. The evidence which was

before the presiding judge in passing on the exceptions to the auditor's report is set out in the bill of exceptions, and does not include the pleadings in the former litigation. This court is accordingly compelled to construe the verdict and decree in the light of their own language, and can not consider pleadings in a former case which are not before it.

2. It follows from what has been said above that inasmuch as there was no authority on the part of the clerk to issue the execution mentioned in the preceding headnote, and it did not confer upon the sheriff any authority to levy upon and sell the land involved in the former litigation, the purchaser at such sale acquired no title thereunder.

3. Where, in a suit to cancel a deed and to recover possession of the land from the grantee therein, the verdict found in favor of the plaintiff the premises in dispute "by plaintiff paying defendant seventy-three dollars," and where the decree provided for a cancellation of the deed, and ordered and decreed that the plaintiff pay to the defendant the amount named in the verdict, and that "upon the payment of the same writ of possession shall issue as provided by law," thus making the payment of the amount a condition precedent to the plaintiff's having the right to have a writ of possession issued; and where it appeared that thereafter the defendant surrendered possession of the property to the plaintiff, in the absence of direct evidence on the subject it would be presumed prima facie that the plaintiff paid to the defendant the amount specified as necessary to a recovery of possession.

4. Inasmuch as the preceding rulings are controlling in the case, it is unnecessary to deal with questions of whether the levy was excessive, or the property could have been subdivided, or other questions raised by exceptions to the auditor's report.

*Judgment reversed. All the Justices concur.*
MAY 19, 1914.

Exceptions to auditor's report. Before Judge Daniel. Pike superior court. July 17, 1913.

*E. F. Dupree, E. M. Owen, J. F. Redding,* and *C. J. Lester,* for plaintiff.

*E. C. Armistead* and *Persons & Persons,* for defendants.